**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID LEE PHILLIPS, ) | |
|                  Plaintiff, ) | Case No.  2:16-cv-00412-GMN-CWH |
| vs. ) | **ORDER** |
| STATE BAR OF NEVADA, et al., ) | |
|                  Defendants. ) | |

Presently before the court is Plaintiff David Lee Phillips's Motion to Vacate Order Denying Plaintiff's Motion to Disqualify Defense Counsel (ECF No. 43), filed on August 4, 2016. Defendants State Bar of Nevada and State Bar of Nevada Board of Governors filed a response (ECF No. 47) on August 30, 2016.  Plaintiff filed a reply (ECF No. 49) on September 8, 2016.

**I.    BACKGROUND**

Plaintiff filed a complaint (ECF No. 1) on February 26, 2016, and an amended complaint (ECF No. 17) on March 15, 2016.  Plaintiff subsequently filed a motion for disqualification of opposing counsel (ECF No. 22).  Given that no defendants had answered or otherwise appeared in the case, the court denied the motion as moot.  (Order (ECF No. 23).)  Defendants then filed a motion to dismiss, arguing that Plaintiff failed to timely serve them with process under Federal Rule of Civil Procedure 4(m).  (Mot. to Dismiss (ECF No. 25).)  Plaintiff now seeks to renew his motion to disqualify Defendants' counsel, arguing that by filing the motion to dismiss, Defendants made a general appearance in the case.  (Mot. to Vacate Order Denying Pl.'s Mot. to Disqualify Def.'s Counsel (ECF No. 43).)  To date, Plaintiff has not filed proof of service as to any defendants.

///

## II.   ANALYSIS

Plaintiff moves under Rule 60(b)(5) of the Federal Rules of Civil Procedure for relief from the court's order (ECF No. 23) denying the motion to disqualify Defendants' attorney. Plaintiff argues that by filing the motion to dismiss, Defendants made a general appearance in the case and that the court should now consider Plaintiff's motion to disqualify Defendants' attorney. Specifically, Plaintiff argues that the court's order "as applied prospectively is no longer equitable, moot and/or justified." (Mot. to Vacate (ECF No. 43) at 3.)

Defendants respond that the federal courts have abolished the distinction between general and special appearances. They further argue that they have not been properly served with process and that every appearance they have made in this matter has been under protest because the court does not have personal jurisdiction over Defendants. Finally, Defendants argue that Rule 60(b)(5) deals with prospective application of a judgment and that the court's order denying the motion to disqualify Defendants' attorney is not an order that has prospective application. Defendants state that the proper course of action would have been for Plaintiff to re-file his motion to disqualify rather than seeking to vacate a properly entered order. Defendants request an opportunity to oppose the motion to disqualify on its merits if the court decides to grant Plaintiff's motion to vacate.

Plaintiff replies that Defendants have conceded personal jurisdiction, citing a University of Miami Law Review article from 1961 and a Fifth Circuit case from 1957. Although it is somewhat unclear, the court also understands Plaintiff to be arguing that he moved to disqualify Defendants' attorney before effectuating service based on Plaintiff's perception that Defendants had waived service. Plaintiff further argues that Defendants' failure to oppose the previous motion to disqualify constitutes a consent to the granting of the motion.

Rule 60(b)(5) of the Federal Rules of Civil procedure provides in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . ." if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6). Rule 60(b) relief is only available from final judgments, orders, and proceedings. *See United States v.*

*Martin*, 226 F.3d 1042, 1048 n. 8 (9th Cir. 2000) (stating that Rule 60(b) applies only to motions attaching "final, appealable orders"). "Virtually all pretrial orders are nonfinal, and thus, not appealable." 19 James Wm. Moore et al., Moore's Federal Practice § 201.14 (3d. ed. 2011). Nevertheless, the court has the inherent power to reconsider or amend interlocutory orders so long as the court has jurisdiction over the case. *Martin*, 226 F.3d at 1048-49. In this district, Local Rule 59-1 prescribes the procedure for seeking reconsideration of an interlocutory order.

Here, the order denying Plaintiff's motion to disqualify as moot is not a final, appealable order. The court therefore finds that Rule 60(b)(5) is inapposite here. Although the court could construe Defendant's motion to vacate as a motion for reconsideration, the court declines to do so at this time. Given that Plaintiff has not filed proof of service as to Defendants and that Defendants' motion to dismiss on that issue is pending before the assigned district judge, it does not appear that the court has personal jurisdiction over Defendants. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (stating that "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). Until the service issue is resolved, the court declines to reopen Plaintiff's motion to disqualify Defendants' counsel or to order further briefing on the disqualification issue.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff David Lee Phillips's Motion to Vacate Order Denying Plaintiff's Motion to Disqualify Defense Counsel (ECF No. 43) is DENIED without prejudice.

DATED: March 3, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3