UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LEE PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cv-00412-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| STATE BAR OF NEVADA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 25), filed by Defendants State Bar of Nevada and State Bar of Nevada Board of Governors (collectively "Defendants"). Plaintiff David Lee Phillips ("Plaintiff") filed a Response, (ECF No. 45), and Defendants filed a Reply, (ECF No. 48).[1]  For the reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

On February 26, 2016, Plaintiff filed his Complaint before this Court, alleging various claims of civil rights violations against the Defendants. (Compl., ECF No. 1).  Attached to the Complaint, Plaintiff included a "Certificate of Service," purporting to have effectuated service by mail.  Shortly thereafter, Plaintiff filed an Amended Complaint, which likewise indicated service by mail. (Am. Compl., ECF No. 17).  On June 3, 2016, Defendants filed a Motion to

---

[1] Plaintiff additionally filed a Motion to Strike Defendants' Motion to Dismiss pursuant to FRCP 12(f). (ECF No. 36).  Rule 12(f) provides that a court may strike from pleadings any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  In Plaintiff's Motion, he argues that Defendants waived any objections to improper service by making a general appearance before the Court on July 19, 2016. (Pl.'s Mot. to Strike 2:2–7).  This argument should have been raised in the ordinary course of briefing on Defendants' Motion to Dismiss.  By filing a separate motion to strike, Plaintiff has muddied the docket with two sets of briefing on the same procedural issue.  The Court **DENIES** Plaintiff's Motion to Strike.

Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP"), asserting that Plaintiff failed to provide sufficient service of process.

## II. LEGAL STANDARD

FRCP 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. Under FRCP 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

"[U]nless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all." *Cambridge Holdings Group v. Federal Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007). Although Rule 4 is a flexible rule, "without substantial compliance with Rule 4 'neither actual notice or simply naming the defendant in the complaint will provide personal jurisdiction.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

When a defendant challenges service, the Plaintiff bears the burden of establishing the validity of service under FRCP 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In granting a Rule 12(b)(5) motion, the court may either dismiss the action without prejudice or retain the action and permit the plaintiff to cure the defects. *See* Fed. R. Civ. P. 4(m); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).

## III. DISCUSSION

In the instant Motion, Defendants seek dismissal of this case due to Plaintiff's alleged failure to serve Defendants within 90 days of filing the Complaint. (*See* Mot. to Dismiss 4:2–4). In ruling on this Motion, the Court must evaluate three separate issues: (1) whether Plaintiff failed to adequately serve the Defendants; (2) whether Defendants waived the defense of improper service; and (3) whether any defects in service warrant dismissal of the action.

### 1. Improper Service

Plaintiff argues that Defendants were properly served electronically pursuant to Local Rule 5-4. (*See* Pl.'s Mot. to Strike 10:3–5). Plaintiff's argument is both legally and factually incorrect. Under Local Rule 5-4,[2] electronic service is insufficient for a summons and complaint, which instead must be served in paper form and in full compliance with the FRCP. Furthermore, both Plaintiff's Complaint and Amended Complaint fail to even identify electronic service as the method of service. Rather, both filings state that Plaintiff attempted service solely by mailing the documents to the State Bar's general address. (*Id.* 3:5–9). The unilateral mailing of a summons and complaint is insufficient to satisfy the requirements for service.[3] *See* Fed. R. Civ. P. 4.

Under FRCP 4(m), Plaintiff had 90 days from the filing of the Complaint to serve Defendants. *See* Fed. R. Civ. P. 4(m). To date, Plaintiff has failed to allege or file proof of any valid method of service. Accordingly, the Court finds Plaintiff has not met his burden to show proper service of process. *See Brockmeyer*, 383 F.3d at 801.

### 2. Waiver of Improper Service Defense

Plaintiff also argues that Defendants waived any service objections by indicating an intent to defend against the suit. (Pl.'s Mot. to Strike 9:11–17). In general, "a party waives the defense of insufficient service of process by failing to assert it promptly by motion or in the responsive pleading, or by participating in the litigation without questioning personal jurisdiction." *Zherka v. Ryan*, 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014); *see also* Fed. R. Civ. P. 12(h)(1). Contrary to Plaintiff's assertions, nothing in the record suggests that Defendants indicated an intent to waive service and defend the suit. In fact, in a letter dated March 11,

---

[2] Local Rule 5-4, which cross-references Special Order No. 109, was in effect at the time of filing. This rule has since been replaced by Local Rule IC 4-1.

[3] Plaintiff appears to acknowledge the insufficiency of service by mail, referring to the practice as merely providing "constructive notice" of the lawsuit. (*See* Pl.'s Mot. to Strike 3:9).

2016, the attorney for Defendants explicitly raised the issue of service to Plaintiff and stated Defendants' intent to "not make an appearance" as a result. (*See* Letter, Ex. A to Mot. to Dismiss).  This same objection of improper service is echoed in each of Defendants' filings before this Court.  While the record indicates Defendants had knowledge of the lawsuit, the Ninth Circuit has clearly stated that "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Benny*, 799 F.2d at 492

In spite of the above, Plaintiff further suggests that Defendants waived service by making a general appearance on July 9, 2016, before Magistrate Judge Cam Ferenbach. (Pl.'s Mot. to Strike 9:1–6).  A general appearance or responsive pleading by a defendant will waive any defect in service *if* the defendant fails to first dispute personal jurisdiction. *See Benny*, 799 F.2d at 492.  "Federal courts have firmly established that a court appearance alone can never waive an otherwise valid Rule 12(b)(5) defense." *Candido v. D.C.*, 242 F.R.D. 151, 162 (D.D.C. 2007); *see also Republic Intern. Corp. v. Amco Engineers, Inc.*, 516 F.2d 161 (9th Cir. 1975) ("We note at the outset that in making a general appearance, appellant did not, as claimed by appellee, waive its right to assert the alleged defects in service. Special appearances to challenge jurisdiction are no longer required in federal courts.")

Here, Defendants unequivocally challenged jurisdiction based on improper service prior to making any appearance before the Court.  Notably, Defendants only appeared after the Court set a compulsory hearing on Defendants' emergency motion for relief from attending an Early Neutral Evaluation hearing. (*See* Order, ECF No. 34).  In both their emergency motion and at the hearing, Defendants reiterated their objections based on insufficient service of process. (ECF Nos. 32, 35).  Accordingly, the Court finds Defendants did not waive this defense.

/ / /

/ / /

### 3. Dismissal of the Action

As Plaintiff has failed to satisfy his burden of establishing sufficient service of process, the Court must decide whether to grant an extension for service or dismiss the action. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) (stating that courts have broad discretion to extend time or dismiss under FRCP 4(m)).  In making this determination, courts look to whether a plaintiff has provided "good cause" for the failure to effect service. *See* Fed. R. Civ. P. 4(m); *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987).  At a minimum, "good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).  A court may also look at whether "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for a failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984).  Where a Plaintiff has no justifiable excuse for his failure to serve, however, he cannot satisfy the remaining factors under *Borzeka*. *See Hart v. U.S.*, 817 F.2d 78 (9th Cir. 1987) ("[Plaintiff], at a minimum, has no justifiable excuse for his failure to serve, and thus cannot justify failure to serve under *Borzeka*").

Here, the Court finds that Plaintiff does not have either a justifiable excuse or good cause for his failure to properly serve Defendants.  This is not a case where Plaintiff was ignorant of the requirements for service—plaintiff himself is an attorney and was represented by counsel at the time of filing.  This is also not a case where Plaintiff lacked cause to believe his attempted service was inadequate—months before filing the motion to dismiss, Defendants' counsel explicitly informed Plaintiff that the Defendants had not been properly served. (*See* Letter, Ex. A to Mot. to Dismiss).[4]  Rather than filing proof of service on the docket, or else

---

[4] This Court likewise noted in its Order on March, 21, 2016, that no proof of service had been filed, and Defendants had not yet appeared.  (Order, ECF No. 19).

making any discernable effort to properly serve Defendants, Plaintiff instead attempted to have this Court erroneously enter rulings on pending "unopposed" motions. (*See* Declaration of Counsel, ECF No. 21).

To date, Plaintiff has still shown no effort to properly serve Defendants and has made no request to this Court for an extension of time to do so.  Furthermore, throughout the significant briefing on this issue, Plaintiff has not provided any convincing explanation for his failure to correctly serve the Defendants.  Plaintiff's unreasonable and mistaken belief that electronic service or service by mail were sufficient to satisfy his procedural obligations do not constitute good cause.  In light of Plaintiff's flagrant disregard for the rules of procedure, the Court finds it appropriate to dismiss this action without prejudice.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 25), is **GRANTED**.  This action is dismissed **without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 36), is **DENIED**.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this __16__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge