**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID LEE PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cv-00412-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| STATE BAR OF NEVADA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion for Attorney's Fees, (ECF No. 68), filed by Defendants State Bar of Nevada and State Bar of Nevada Board of Governors (collectively "Defendants"). Plaintiff David Lee Phillips ("Plaintiff") did not file a Response. For the reasons set forth herein, Defendants' Motion for Attorney's Fees is **DENIED**.

**I.    BACKGROUND**

On February 26, 2016, Plaintiff filed his Complaint before this Court, alleging various claims of civil rights violations against Defendants. (Compl., ECF No. 1). Attached to the Complaint, Plaintiff included a "Certificate of Service," purporting to have effectuated service by mail. On June 3, 2016, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP"), asserting that Plaintiff failed to provide sufficient service of process. In response, Plaintiff argued, *inter alia*, that Defendants waived any objection to improper service by appearing before the Court and demonstrating an intent to defend against the suit. (*See* Resp. to MTD, ECF No. 45). On March 16, 2017, the Court granted Defendants' Motion to Dismiss and dismissed the case without prejudice. (ECF No. 66).

## II. DISCUSSION

*A) Attorney's Fees under 42 U.S.C. § 1988*

Defendants assert that they are entitled to $22,960.00 in attorney's fees pursuant to 42 U.S.C. § 1988. (Mot. Atty. Fees 4:4–5:11, ECF No. 68). Under § 1988, a court in its discretion may award reasonable attorney's fees to the prevailing party. *Braunstein v. Arizona Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012). If the prevailing party is a defendant, the Court may only award fees in "exceptional circumstances" where the plaintiff's claims are "frivolous, unreasonable, or groundless." *Id.*

In their Motion, Defendants argue that "exceptional circumstances" warrant the Court imposing attorney's fees against Plaintiff. (Mot. Atty. Fees 5:5–11). In making this argument, however, Defendants fail to address the threshold requirement that they be a prevailing party. The Supreme Court has held that a party may be accorded "prevailing party" status only when that party obtains judicial relief "creat[ing a] 'material alteration of the legal relationship of the parties.' " *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (quoting *Tex. State Teachers Assn. v. Garland Indep. School Dist.*, 489 U.S. 782 (1989)). In the Ninth Circuit, a dismissal without prejudice does not constitute a material alteration in litigants' legal relationship. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008). Accordingly, Defendants are not a prevailing party for the purpose of attorney's fees.

*B) Attorney's Fees under 28 U.S.C. § 1927*

Defendants also argue that they are entitled to an award of attorney's fees under 28 U.S.C. § 1927. (Mot. Atty. Fees 5:12–6:17). According to Defendants, such sanctions are warranted because Plaintiff frivolously caused unnecessary motion work and improperly attempted to conduct discovery. (*See id.*). An award of sanctions under 28 U.S.C. § 1927 requires a finding of bad faith, which "is present when an attorney knowingly or recklessly

raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990); *see also Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998).

As an initial matter, the Court notes that sanctions under § 1927 apply to individual attorneys, as opposed to law firms or parties. *See F.T.C. v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986). Defendants' Motion, however, refers only to Plaintiff's collective conduct throughout the proceedings. As Plaintiff has been represented by multiple attorneys throughout this matter, the Court finds Defendants' Motion too vague to support a finding of sanctions. Furthermore, the Court does not find sanctions appropriate based on Plaintiff's failure to properly serve Defendants. While Plaintiff erroneously attempted to argue that Defendants waived their objections to improper service, the Court does not find Plaintiff's argument so knowingly or recklessly frivolous as to give rise to a finding of bad faith. *See Miller*, 146 F.3d at 711. Moreover, while Plaintiff filed a number of unsuccessful motions throughout this matter, the Court denied these motions largely on procedural grounds due to the pending service issue. As the Court did not reach the merits of these motions, the Court cannot say that these filings constitute bad faith. The Court therefore declines to issue attorney's fees under § 1927.[1]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] For the reasons stated previously in this Order, the Court also declines to exercise its inherent authority to issue attorney's fees. *See in re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (stating that courts may not invoke their inherent powers to sanction counsel absent a specific finding of bad faith).

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees, (ECF No. 68), is **DENIED**.

**DATED** this __14__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge